The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRESERVE OUR ISLANDS, et al,

Plaintiffs,

v.

U.S. ARMY CORPS OF ENGINEERS, et al,

Defendants,

and

NORTHWEST AGGREGATES COMPANY,

Defendant-Intervenors.

NO. C08-1353-RSM

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

**NOTE FOR CONSIDERATION: OCTOBER 23, 2009**

## I. INTRODUCTION

Preserve Our Islands, People for Puget Sound and the Washington Environmental Council ("Plaintiffs") seek an award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $89,650.00 in attorneys' fees and $3,482.10 in costs for their successful prosecution of this case. Plaintiffs are entitled to the fees they seek in this motion because: (1) Plaintiffs prevailed on their claims that the U.S. Army Corps of

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (C08-1353-RSM) - 1

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

Engineers failed to provide a convincing statement of reason to explain why the project's impacts on the environment are insignificant in violation of the National Environmental Policy Act ("NEPA") and that the Corps' and NMFS' informal consultation process for Chinook and orcas was arbitrary and capricious in violation of the Endangered Species Act; (2) Plaintiffs are eligible for an award of fees under EAJA; (3) the government's position was not substantially justified and an award is just; (4) the rates at which Plaintiffs seek a fee award are reasonable and warranted under the standards of governing enhanced rates; and (5) the hours for which the compensation is sought were necessary to the successful prosecution of the case. Each of these points is addressed below.

## II. BACKGROUND

This is an action for declaratory judgment and injunctive relief challenging the U.S. Army Corps of Engineers ("Corps") review and ultimate issuance of a permit allowing for the construction of a large sand and gravel barge-loading facility on the eastern shore of Maury Island, in King County, Washington. Plaintiffs challenged the Corps' issuance of the permits that violated the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq*. ("NEPA"); Section 7(a)(2) of the Endangered Species Act, 16 U.S.C. § 1536 ("ESA") and Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403 ("RHA"). This action challenged also the "consultation" process of the National Marine Fisheries Service and U.S. Fish and Wildlife Service for concurring, without undergoing formal consultation, that the project was not likely to adversely affect endangered or threatened species including Puget Sound Chinook and the Southern Resident killer whales.

Plaintiffs filed this action on September 9, 2008. Dkt. #1. An amended complaint was filed on November 19, 2008. Dkt. #10. Plaintiffs filed a motion for a temporary

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (C08-1353-RSM) - 2

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

restraining order ("TRO") shortly thereafter asking the Court to halt work for the protection of orcas. Dkt. ## 25, 34, 41. The Court denied the requested TRO finding that plaintiffs had not established the requisite likelihood of irreparable harm. *Id*.

The parties filed cross-motions for summary judgment based on the administrative record. Dkt. ## 50, 52, 53. On August 13, 2009, this Court issued its Order on Cross Motions for Judgment granting plaintiffs' motion for summary judgment as to their claims under the ESA and NEPA. Dkt. #58. The Court denied defendants' cross-motion.

This motion follows.

### III. DISCUSSION

A. <u>Plaintiffs Are Entitled to Attorneys' Fees and Costs Pursuant to EAJA</u>

Plaintiffs prevailed on their claims under NEPA and the APA. Dkt. #58. Because neither statute contains a citizen suit provision, a party that prevails under these statutes may seek attorneys' fees, costs, and other expenses pursuant to EAJA. *See Wilderness Society v. Babbitt*, 5 F.3d 383, 385 (9th Cir. 1993). A party must prove that it is eligible for fees under EAJA. *Love v. Reilly*, 924 F.2d 1492, 1494 (9th Cir. 1991).

1. <u>Plaintiffs are eligible under EAJA</u>.

A party is eligible for attorneys' fees, costs, and other expenses under EAJA if it (1) is a "prevailing party" that (2) incurred costs of litigation against the federal government, and (3) meets applicable size, net worth, or other criteria. 28 U.S.C. § 2412(d)(1)(A), (d)(2)(B).

Plaintiffs satisfy the first criteria for eligibility under EAJA. A party is a "prevailing party" under EAJA if it "succeed[s] on any significant issue in litigation which achieves some of the benefits [it] sought in bringing suit." *United States v. Real Property*

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (C08-1353-RSM) - 3

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

*Known as 22249 Dolorosa Street*, 190 F.3d 977, 981 (9th Cir. 1999). Plaintiffs obtained a declaratory judgment on their NEPA and APA ESA claims, and injunctive relief, thus surpassing the requirement that they achieve some of the relief sought.

Plaintiffs satisfy the second criterion for eligibility: Each incurred the expenses and costs of this litigation against the Corps and NMFS agencies of the United States. 28 U.S.C. § 2412(d)(2)(C). Plaintiffs satisfy the third criterion for eligibility: all three plaintiff organizations are conservation groups that satisfy applicable statutory criteria related to nonprofit status, maximum number of employees, or net worth. 28 U.S.C. § 2412(d)(2)(B).[1]

> 2. <u>An award under EAJA is mandatory because federal defendants' position was not substantially justified and no special circumstances exist</u>.

"Once a party's eligibility has been proven, an award of fees under EAJA is mandatory unless the government's position is substantially justified or special circumstances exist that make an award unjust." *Love*, 924 F.2d at 1495. The agency bears the burden of proving that its position was substantially justified. *Oregon Natural Resources Council v. Marsh*, 52 F.3d 1485, 1492 (9th Cir. 1995). The agency also bears the burden of proving that any special circumstances make an award unjust. *Love*, 924 F.2d at 1495.

> a. **Federal defendants' positions were not substantially justified.**

---

[1] *See* Declaration of Amy Carey, ¶ 2 (Preserve Our Islands); Declaration of Joan Crooks, ¶ 2 (Washington Environmental Council); Declaration of Kathy Fletcher, ¶ 2 (People for Puget Sound).

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (C08-1353-RSM) - 4

**GENDLER & MANN, LLP**
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

To determine if an agency position was substantially justified, the court considers the reasonableness of the underlying government action and the position asserted by the agency in court defending its validity. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The fact that the agency's litigation position may be justified is not enough – the court must also consider the underlying agency conduct. *Wilderness Society*, 5 F.3d at 388. A finding that "either the government's underlying conduct or its litigation position was not substantially justified is sufficient to support an award of EAJA fees." *Cervantez v. Sullivan*, 739 F.Supp. 517, 521 (E.D. Cal. 1990); *Commissioner, INS v. Jean*, 496 U.S. 154, 158 n.7 (1990) (noting that Congress intended to provide for fees when unjustifiable agency action forces litigation, even when agency tries to avoid liability by reasonable behavior during litigation). Even when some aspects of the agency's position were substantially justified, the court may still find that the agency's overall position was not. *United States v. Marolf*, 277 F.3d 1156, 1164 (9th Cir. 2002) (reversing denial of attorneys' fees, because district court focused solely on agency's litigation position). Here, the federal defendants' position was not substantially justified. *See generally,* Dkt. #58.

### b. No special circumstances make an award unjust.

Plaintiffs are unaware of any special circumstance that might make an award unjust. *Cf. Meinhold v. U.S. Department of Defense*, 123 F.3d 1275, 1277 n.1 (9th Cir. 1997) (noting that court considered party's "bad faith" in its fee determination). Federal defendants bear the burden of attempting to establish special circumstances that might make an award unjust. *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). Federal defendants cannot meet that burden here. For example, the litigation did not include a "close or novel question." *United States v. Gavilan Joint Cmty. Coll. Dist.*, 849 F.2d 1246,

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (C08-1353-RSM) - 5

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

1249 (9th Cir. 1988); *Bullfrog Films, Inc. v. Wick*, 959 F.2d 782, 785 (9th Cir. 1992) (where the area of law was not "uncharted" an award of attorney's fees would not be unjust). Here, the legal issues were decided based on well-established law. An award is therefore proper.

B. Calculating Hourly Rates under EAJA

Since federal defendants' position was not substantially justified as to the NEPA and ESA claims, the remaining issues in the context of attorneys' fees are reasonable rates and time.

EAJA provides that a court shall award "reasonable attorney fees" to prevailing parties. 28 U.S.C. § 2412 (d)(2)(A). EAJA sets a base rate of $125 per hour but provides that a court may award higher rates if it "determines that an increase in the cost of living or a special factor . . . justifies a higher fee." *Id.* Here, the Court should adjust Plaintiffs' attorneys' rates to account for the increase in the cost of living since 1996 and also for special factors, including, as EAJA anticipates, "the limited availability of qualified attorneys for the proceedings involved." *Id.*

First, the Court should adjust upward the hourly rates to account for the cost of living since 1996. The Ninth Circuit calls this adjusted rate the "lodestar" and has approved it as "proper." *Real Property Known as 22249 Dolorosa Street*, 190 F.3d at 984-85. The lodestar is calculated by enhancing the base hourly rate of $125 under EAJA by the consumer price index for urban consumers for the year in which the fees were earned. *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). The Ninth Circuit has

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND
COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE
ACT (C08-1353-RSM) - 6

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

established that lodestar hourly rates for attorneys within the circuit were $172.50 in 2008 and presumably are $177.68 in 2009.[2]

Further, the Court should adjust further upward Plaintiffs' attorneys' hourly rates to account for "special factors" present in this case. 28 U.S.C. § 2412(d)(2)(A). To justify an enhancement on this basis, Plaintiffs' attorneys must satisfy three factors: "First, the attorney must possess distinctive knowledge and skills developed through a practice specialty. Secondly, those distinctive skills must be needed in the litigation. Lastly, those skills must not be available elsewhere at the statutory rate." *Love*, 924 F.2d at 1495. Plaintiffs' attorneys meet these criteria.

1. <u>Plaintiffs' attorneys possess distinctive knowledge and skills</u>.

Plaintiffs' attorneys satisfy the first criterion for enhanced fees. The Ninth Circuit has held that "[e]nvironmental litigation is an identifiable practice specialty that requires distinctive knowledge." *Love*, 924 F.2d at 1496; *Animal Lovers Volunteer Ass'n v. Carlucci*, 867 F.2d 1224, 1226 (9th Cir. 1989). Plaintiffs' primary attorney, David S. Mann, has distinct knowledge and skills in the specialized field of federal and state environmental law. Declaration of David S. Mann, ¶¶ 4-7; Declaration of David A. Bricklin, ¶¶ 5-7.

---

[2] Ninth Circuit Notice re: Statutory Maximum Rates under Equal Access to Justice Act (stating no maximum rate for 2009, but the annual rate of increase is roughly 3%).

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (C08-1353-RSM) - 7

**GENDLER & MANN, LLP**
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

### 2. Plaintiffs' attorneys' skills were needed in this litigation.

Plaintiffs' attorney satisfies the second criterion for enhanced fees, because his distinctive skills were needed in this case. *National Wildlife Federation v. FERC*, 870 F.2d 542, 547 (9th Cir. 1989) (stating criterion and finding that environmental law specialist deserved enhanced fees under EAJA). This litigation involved numerous complex and interrelated issues under NEPA and the ESA based on an extensive and confusing administrative record. Plaintiffs' state that, in their opinions, counsel's skills, experience, and understanding were needed to prevail in this case.[3]

### 3. Plaintiffs' attorneys' skills were unavailable at the EAJA base rate.

Plaintiffs satisfy the third criterion for enhanced fees, because their attorneys' skills were unavailable at the EAJA base rate of $125 an hour. Plaintiffs declare that they were unable to secure qualified counsel who would have taken this case at the base rate.[4]

Given that Plaintiffs' attorneys meet the applicable criteria, the Court should award them enhanced rates for their time spent on the NEPA and APA claims. Once a court determines that attorneys are entitled to enhanced rates under EAJA, it provides that "[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished . . . . " 28 U.S.C. § 2412(d)(2)(A); *see National Wildlife Federation*, 870 F.2d at 547 (awarding enhanced rates under EAJA based on market rates charged by attorneys within environmental law specialty). Here,

---

[3] *See* Declaration of Amy Carey, ¶ 3; Declaration of Joan Crooks, ¶ 3; Declaration of Kathy Fletcher, ¶ 3.

[4] *See* Declaration of Amy Carey, ¶ 4; Declaration of Joan Crooks, ¶ 4; Declaration of Kathy Fletcher, ¶ 4.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (C08-1353-RSM) - 8

**GENDLER & MANN, LLP**
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

plaintiffs have established prevailing market rates in the Seattle area for someone of Mr. Mann's experience were $325 per hour in 2008 and $350 per hour in 2009. Mann Dec., ¶ 8-9; Bricklin Dec., ¶ 6. The Court should award all attorneys' enhanced fees under EAJA.

### C. Calculating Reasonable Hours Under EAJA

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). In successfully prosecuting this case against federal defendants, Plaintiffs' attorneys expended reasonable hours engaged in normal and justified tasks associated with the careful and conscientious prosecution of a lawsuit against an agency that vigorously defended its actions.

Plaintiffs seek recovery for their attorneys as follows:

1. Attorney David S. Mann, 59.8 hours at $325/hour (2008) = $19,435.00
2. Attorney David S. Mann, 153.7 hours at $350/hour (2009) = $53,795.00
3. Attorney Ashley Peck, 32.7 hours at $200/hour = $6,540.00
4. Attorney Brendan Donckers, 49.4 hours at $200/hour = $9,880.00

Declaration of David S. Mann, ¶¶ 2, 12-20; Exs. 1-2.

To document their time, lawyers must "simply list[] and identify the general subject matter of [their] time expenditures" on their timesheets. *Fischer v. SJB P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). Plaintiffs' attorneys surpass this test, detailing each task performed on each day they worked on this case. Mann Dec., Ex. 1. Their time begins

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND
COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE
ACT (C08-1353-RSM) - 9

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

shortly after the Corps issued its permit decision in July, 2008, with legal research and drafting of the complaint. *See Webb. v. Board of Educ. of Dyer County, Tenn.*, 471 U.S. 234, 243 (1985) (court may award time for developing case, drafting pleadings, and similar matters). Time was reasonably expended in late 2008 attempting to obtain a TRO to try and stop construction while orcas were known to be visiting the area. Mann Dec., ¶ 15. Time was then reasonably expended preparing and responding to cross-motions for summary judgment, oral argument and in preparing this fee petition. Plaintiffs have, in good faith, omitted certain time for either failed claims or duplicate hours. Mann Dec., ¶ 14. *See*, *Hensley*, 461 U.S. at 437 (requiring good faith omissions). Given that plaintiffs succeeded on their claims on the merits and obtained significant injunctive relief, its attorneys seek reasonable time in this case.

### D. Plaintiffs are Entitled to Recover Costs and Other Expenses

EAJA authorizes an award of "costs" as enumerated at 28 U.S.C. § 1920, 28 U.S.C. § 2412(a)(1), as well as "other expenses." 28 U.S.C. § 2412(d)(1)(A). Identified "fees and other expenses" include specifically the reasonable expenses of expert witness necessary for the preparation of plaintiffs' case. Here, Plaintiffs' seek a total of $3,482.10 in costs and expenses for prosecuting this case, including for filing fees, service fees and expert witness fees by Dr. David Bain for the preparation of his extensive declaration in support of Plaintiffs' motion for TRO. Mann Dec., ¶¶ 21-22.

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (C08-1353-RSM) - 10

**GENDLER & MANN, LLP**
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

## IV.     CONCLUSION

For all the foregoing reasons, plaintiffs respectfully request that the Court award it attorneys' fees of $89,650.00 and costs and expenses of $3,482.10.

DATED this 11th day of September, 2009.

Respectfully submitted,

By:     s/ David S. Mann
David S. Mann
WSBA No. 21068
Gendler & Mann, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Telephone: (206) 621-8868
Fax: (206) 621-0512
E-mail: mann@gendlermann.com

\POI(Den)\USDC New C08-1353RSM\Motion for Fees and Costs FINAL 9 11 09

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND
COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE
ACT (C08-1353-RSM) - 11

**GENDLER & MANN, LLP**
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone:  (206) 621-8868
Fax: (206) 621-0512